## FIREMEN'S INS. CO. v. MALLOUF.

No. 14416—Opinion Filed Feb. 28, 1924.

1. **Insurance—Terms of Policy—Forfeiture —Failure to Produce Inventory.**

Where an insurance policy provides: "That in the event of the failure to produce said inventory (after loss) the policy shall be null and void," such clause means that such inventory must be produced if it is within the power of the assured so to do, and that he is charged with responsibility for its loss and his consequent liability to produce it in all cases where such loss is the result of a wrongful, fraudulent, or negligent act on his part.

2. **Same—Direction of Verdict for Plaintiff.**

Record examined, and held, that order of the trial court directing a verdict was proper under the pleadings, evidence, and admissions in this cause. Held, further, that claim of insurance company of nonliability as a matter of law is not supported by any evidence, and that under all of the testimony and admissions, it was proper for the trial court to direct a verdict for plaintiff.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Jackson County; A. S. Wells, Assigned Judge.

Albert L. McRill, for plaintiff in error.

S. B. Garrett and C. E. Thorpe, for defendant in error.

Opinion by LYONS, C. The parties will be referred to as plaintiff and the insurance company. Plaintiff was the owner of a stock of merchandise and fixtures of the value of approximately $11,000. An inventory of the stock was made on April 1, 1921, and on August 1, 1921, less than one year thereafter, the insurance company issued to plaintiff its fire insurance policy number S110, insuring the fixtures in the sum of $500, and the stock of merchandise in the sum of $1,500. Between said date and the 22nd day of December, 1921, the plaintiff added to the stock of merchandise goods of the approximate value of $900.

Plaintiff kept books showing his daily sales, kept his original invoice of the stock, and his bills showing purchases, and his books showing daily sales, in a fire proof iron safe in his store building. Late in the evening of December 21, 1921, plaintiff was making a sale of approximately $100 worth of stock to a purchaser. It was necessary to refer to the original invoice to get the price of the goods. This invoice was taken out of the iron safe, laid on the counter, and used by plaintiff and the purchaser. Upon closing the sale, and after the delivery of the goods sold to a truck, plaintiff went to his supper, and by inadvertence, left the invoice or inventory on the counter, forgetting to place it back in the safe. While he was absent at his supper, and within one hour, a fire which originated in an adjoining building, was communicated to plaintiff's store. By the time plaintiff reached the store the flames had enveloped it, and

plaintiff was unable to go in, and lost his stock and fixtures.

The insurance company admits liability in the sum of $500 by reason of the loss of fixtures, but contends that plaintiff cannot recover any insurance for the loss of stock by reason of a clause in the policy which provides: "That in the event of the failure to produce said inventory (after loss) the policy shall be null and void." It is plain, therefore, that the insurance company is claiming a forfeiture by reason of plaintiff's inability to produce the inventory. This contention is untenable. The meaning of the clause is that such inventory must be produced if it is within the power of plaintiff so to do, and that he is charged with responsibility for its loss, and his consequent inability to produce it in all cases where such loss is the result of wrongful, fraudulent or negligent act on his part. German Alliance Company v. Newburn, 25 Okla. 489, 106 Pac. 826.

In that case the court quotes the following statement of the United States Supreme Court:

"Failure of the insured to produce the books and inventory as required by a policy of fire insurance under penalty of forfeiture means a failure to produce them, if they are in existence and called for, or if they have been lost or destroyed by the fault, negligence, or design of the insured." Liverpool, etc., Ins. Co. v. Kearney, 180 U. S. 131, 45 L. Ed. 460.

In this case there was no specific contention by the insurance company that the plaintiff was unable to produce the inventory by reason of fault, negligence, or design of the insured, unless the undisputed facts sufficiently disclose fault, negligence, or design.

The purpose of the clause requiring the production of the inventory is undoubtedly to. determine the amount of the loss after the fire. This is conceded by defendant, but it is apparently defendant's contention that the inventory is the sole and only method of proving the loss, and that in the event of the destruction of the inventory, there is a breach of the policy which precludes recovery.

During the trial the defendant made the following material admission:

"The defendant (by counsel) said, 'We will admit that there were goods in the house at the time of the fire in value according to plaintiff's testimony, and the only question in this case is failure of plaintiff

to comply with the iron safe clause and keep the invoice book in the safe'."

It is plain therefore that the insurance company conceded the facts as to the destruction of the inventory and concedes that there were goods in the house at the time of the fire "in value according to plaintiff's testimony."

We think, therefore, that the trial court was correct in holding that there was nothing in the record which constituted a defense to plaintiff's claim. Under the admitted facts, the loss of the inventory was a case of pure accident, which was not due to a wrongful, fraudulent, or negligent act on the part of the plaintiff, but was due to a destructive agency which originated on other premises over which plaintiff had no control.

The defendant admits the loss and admits the value of the goods destroyed. The only purpose of the inventory was to prove the value of the goods lost, and since this was admitted, there was no material issue for the jury to determine. Therefore the ruling of the trial court in directing a verdict was correct.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.